FILED* 11 APR 27 14:27 USDC-ORE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANDREA M. ROGERS,

       Plaintiff,

   v.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

       Defendant.

Civ. No. 10-92-AA

OPINION AND ORDER

---

David B. Lowry
9900 SW Greenburg Road
Columbia Business Center, Suite 130
Portland, OR 97223
    Attorney for plaintiff

Dwight C. Holton
United States Attorney
District of Oregon
Adrian L. Brown
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, Oregon 97204-2902

Thomas M. Elsberry
Special Assistant United States Attorney
Social Security Administration
701 Fifth Avenue, Suite 2900 M/S 221A
Seattle, Washington 98104-7075
    Attorneys for defendant

1   - OPINION AND ORDER

AIKEN, Chief Judge:

Plaintiff brings this action pursuant to the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of Social Security (Commissioner) denying plaintiff's application for Disability Insurance Benefits (DIB). For the reasons set forth below, the Commissioner's decision is reversed and remanded for an award of benefits.

## BACKGROUND

On June 23, 2006, plaintiff protectively filed an application for DIB, alleging disability since April 1, 2005 due to mental impairments, including schizophrenia, anxiety, and difficulty learning. Tr. 8, 10, 97. Her application was denied initially and on reconsideration. Tr. 48-51, 55-56. After timely requesting a hearing, plaintiff, her father, and a vocational expert appeared and testified before an administrative law judge (ALJ) on May 19, 2009. Tr. 18-43. On August 14, 2009, the ALJ issued a decision finding plaintiff not disabled within the meaning of the Act. Tr. 8-17. The Appeals Council denied plaintiff's request for review, rendering the ALJ's decision the final decision of the Commissioner. Tr. 1-3. Plaintiff now seeks judicial review.

Plaintiff was twenty-six years old at the time of the ALJ's decision. Tr. 22. Plaintiff has a high-school education and past relevant work as a school custodian. Tr. 22, 35-36.

STANDARD OF REVIEW

This court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence in the record. Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison v. NLRB, 305 U.S. 197, 229 (1938)). The court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986). Where the evidence is susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

COMMISSIONER'S DECISION

The initial burden of proof rests upon the claimant to establish disability. Howard v. Heckler, 782 F.2d 1484, 1486 (9th Cir. 1986). To meet this burden, a claimant must demonstrate an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected . . . to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The ALJ evaluated plaintiff's allegation of disability pursuant to the relevant five-step sequential process. See Bowen

v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520. At step one, the ALJ found that plaintiff has not engaged in "substantial gainful activity" during the period of alleged disability. Tr. 10; 20 C.F.R. § 404.1520(b).

At steps two and three, the ALJ found that plaintiff has a "severe" impairment of schizophrenia but that this impairment did not meet or equal "one of a number of listed impairments that the [Commissioner] acknowledges are so severe as to preclude gainful activity." Tr. 10-12; 20 C.F.R. § 404.1520(c),(d).

At step four, the ALJ found that plaintiff retained the residual functional capacity (RFC) to perform a full range of work activity at all exertional levels, involving no more than short, simple instructions, no interaction with the general public, and occasional, superficial interaction with coworkers. Tr. 12-15. Based on these findings, the ALJ found that plaintiff could not perform her past relevant work as a school custodian. Tr. 16; 20 C.F.R. § 404.1520(e).

If the claimant is unable to perform past relevant work, the inquiry proceeds to step five, where the Commissioner bears the burden to establish that the claimant is capable of performing other work that exists in significant numbers in the national economy. Yuckert, 482 U.S. at 141-42; 20 C.F.R. § 404.1520(f). Relying on the testimony of the vocational expert, the ALJ found that plaintiff was able to perform other work as a small product

4   - OPINION AND ORDER

assembler and laundry worker. Tr. 16-17. Therefore, the ALJ found that plaintiff was not disabled within the meaning of the Act.

## DISCUSSION

Plaintiff asserts that the Commissioner's decision should be reversed and remanded for the payment of benefits. Plaintiff argues that the ALJ erred in finding her not disabled at step three, because her impairments meet or equal listing 12.05, given plaintiff's performance IQ score of 70 and her additional impairment of schizophrenia. I need not address this argument, however, because I agree with plaintiff's additional arguments that the ALJ erred in discounting her testimony and rejecting the opinions of treating mental health providers.

A. Plaintiff's Testimony

In May 2006, plaintiff was hospitalized and received psychiatric treatment for auditory hallucinations, suicide ideation, and other psychiatric symptoms. Tr. 31, 196-207, 220. Plaintiff apparently began experiencing such symptoms in 2004, after her older brother was killed while serving in Iraq. Tr. 208, 220, 374. After her discharge from hospitalization, plaintiff began further therapy and treatment, including psychotropic medication, with Clackamas County Mental Health Center. Tr. 208-22, 255-56. Eventually, plaintiff obtained a part-time job at an athletic club through a rehabilitation services program. Tr. 297.

At the administrative hearing, plaintiff testified that she

5   - OPINION AND ORDER

quit her previous janitorial job in 2005 because of psychiatric symptoms, including "voices" in her head, anxiety, and paranoia. Tr. 23-24, 26, 29, 96. Plaintiff also testified that she could not perform full-time work because of the stress and anxiety she would experience if around other people for an entire eight-hour workday. Tr. 25, 26. Plaintiff testified that she still has "strange thoughts" while working and could not tolerate having such thoughts if she worked full-time, because the resulting stress increases her symptoms and intrusive thoughts. Tr. 30, 32.

The ALJ found that plaintiff's complaints were not fully credible, citing plaintiff's failure to seek medical or psychological treatment prior to 2006, her improvement with treatment and medication, and her daily activities. Tr. 13-15.

When a plaintiff produces objective medical evidence of an impairment that reasonably could be expected to produce some degree of the symptoms alleged, "the ALJ may reject the claimant's testimony regarding the severity of symptoms only if he makes specific findings stating clear and convincing reasons for doing so." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (credibility findings must be "sufficiently specific to permit court to conclude that the ALJ did not arbitrarily discredit claimant's testimony"). In making these findings, the ALJ may consider objective medical evidence and the claimant's treatment

6   - OPINION AND ORDER

history as well as any unexplained failure to seek treatment or to follow a prescribed course of treatment. Smolen, 80 F.3d at 1284. The ALJ may also consider the claimant's daily activities and the observations of physicians and third parties with personal knowledge about the claimant's functional limitations. Id.

The ALJ discounted plaintiff's testimony regarding the onset of her disability based on her lack of treatment prior to 2006. Tr. 13-14, 257. However, the ALJ did not ask plaintiff why she did not seek psychiatric or psychological treatment before her hospitalization in 2006. Further, the lack of medical evidence is not necessarily a sufficient reason to discount an alleged onset date, particularly when the disability involves a psychiatric impairment. Soc. Sec. Ruling (SSR) 83-20; see Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996).

Here, no evidence suggests that plaintiff is a malingerer or that she did not experience symptoms prior to her hospitalization, as set forth in several treatment reports. Tr. 200, 208, 220, 239, 332. In fact, the record reflects that plaintiff's former employer noted psychological problems and symptoms during her prior employment, which plaintiff terminated in 2005 due to her increased symptoms. Tr. 84-85. The record also reflects that plaintiff's father, rather than plaintiff, initiated mental health treatment once he became aware of her auditory hallucinations, and that he had noticed psychological symptoms prior to her hospitalization.

7    - OPINION AND ORDER

Tr. 34, 198. Therefore, I do not find that the ALJ provided clear and convincing reasons to discount plaintiff's testimony regarding the onset of disability.

As to plaintiff's ability to work full-time, the ALJ found plaintiff's testimony not credible due to her improved condition with treatment and her daily activities, such as venturing to the grocery store and the library, performing household chores, and utilizing public transportation. Tr. 13-14. The record reflects that plaintiff occasionally drives to the local grocery store or takes the bus to a book store or a library, and that she occasionally takes the bus to a mall to alleviate boredom. Tr. 342, 375, 379. However, the fact that plaintiff occasionally seeks activities outside her home does not necessary conflict with plaintiff's testimony that the anxiety and stress she suffers when around other people would become intolerable during an eight-hour workday, nor do such activities reflect an ability to perform full-time work on a sustained basis. Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

Likewise, the fact that plaintiff's condition has improved to the extent that she no longer requires hospitalization and can cope with her current situation does not warrant the finding that plaintiff's limitations no longer affect her ability to sustain full-time employment. Holohan v. Massanari, 246 F.3d 1195, 1205 (9th Cir. 2001). Importantly, no treating, examining, or reviewing

medical source questions whether plaintiff's psychiatric impairment causes heightened stress and increased symptoms when she interacts with other people. Tr. 239, 265, 298, 379; Reddick, 157 F.3d at 723-24. Further, plaintiff's testimony is supported by the opinion of an examining psychologist who noted that plaintiff "could likely decompensate" or suffer a "significant schizophrenic process" under conditions of "heightened stress." Tr. 379. Plaintiff's mental health providers agree and opine that plaintiff's limitations preclude full-time employment. Tr. 192, 254-69, 288-90, 298-300. Thus, although the record reflects improvement in plaintiff's condition after her hospitalization, plaintiff's testimony regarding her ability to work full-time is supported by treatment records and the psychological sources of record. To the extent plaintiff's improvement results from her cooperation with treatment, a claimant's compliance with treatment is generally considered to enhance rather than detract from a claimant's credibility. See Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

In sum, I find that the ALJ failed to provide legally sufficient reasons to discredit plaintiff's testimony.

B. Treating and Examining Mental Health Providers

Plaintiff also maintains that the ALJ improperly rejected the opinions of treating mental health providers and certain conclusions of an examining psychologist.

9  - OPINION AND ORDER

Two treating mental health providers rendered opinions that plaintiff currently was incapable of performing full-time work because of her mental condition and the detrimental effect that work-related stressors have on managing her psychiatric symptoms. Tr. 192, 254-69, 298-300. The ALJ discounted these opinions, finding them inconsistent with plaintiff's noted improvement and her reported activities. Tr. 15.

For many of the reasons set forth above with respect to plaintiff's credibility, I find that the ALJ did not provide legally sufficient reasons to discount the opinions of plaintiff's treatment providers. As plaintiff notes, even though her mental health providers are a mental health nurse practitioner and a licensed clinical social worker and not considered "acceptable medical sources," they have treated plaintiff since 2006 and their opinions are "important and should be evaluated on key issues such as impairment severity and functional effects, along with the other relevant evidence in the file." SSR 06-3p; see also id. (explaining that it may be appropriate to give greater weight to the opinion of a medical source that is not "acceptable" depending on the particular facts of the case); Sloan v. Astrue, 499 F.3d 883, 887-89 (8th Cir. 2007) (discussing SSR 06-3p).

Plaintiff's mental health providers indicated several times that they believed plaintiff to be incapable of sustaining full-time employment despite her improvement, given her continuing

10   - OPINION AND ORDER

auditory hallucinations, her anxiety around others, and the likelihood that plaintiff's condition would deteriorate if she worked full-time. Tr. 256-57, 265, 288, 290, 298-300, 309-10. The opinions of plaintiff's mental health providers are based on their treatment relationship with plaintiff and consistent with the findings of the examining psychologist, who noted plaintiff's continuing symptoms and opined that plaintiff could decompensate under conditions of heightened stress. Tr. 371-75, 379.

Plaintiff's treatment providers also noted her slow processing abilities, a limitation inherently rejected by the ALJ given the lack of limitations regarding pace or persistence in his RFC assessment. Tr. 12, 335, 346. While plaintiff has not been formally diagnosed with a learning disability, the record reflects no testing in this area and a psychological evaluation by the examining psychologist identified plaintiff with below average abilities in areas of non-verbal reasoning and memory, with a "borderline" performance IQ score of 70. Tr. 376-77. The psychologist also reported low abilities in areas of memory and learning and opined that plaintiff required repetition to master relatively simple instructions. Tr. 379-80. Moreover, the record is replete with references to plaintiff's slow processing abilities; even an SSA reviewer noted that plaintiff's claim of being a "slow learner" was "apparent" during an interview, and that plaintiff appeared "simple." Tr. 94, 264, 268, 361, 376-61.

11   - OPINION AND ORDER

In sum, I find that the ALJ erred in rejecting the opinions of plaintiff's treating mental health providers and in discounting aspects of the examining psychologist's opinion.

C. Remand

Plaintiff maintains that the ALJ's errors warrant reversal and remand for an award of benefits. I agree.

A district court should credit improperly rejected evidence and remand for an award of benefits when:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting such evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

Smolen, 80 F.3d at 1292 (citation omitted). If plaintiff's testimony and the opinions of her mental health providers are credited, no outstanding issues remain and remand for further proceedings would only delay the receipt of benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

Given the improper rejection of plaintiff's testimony and the opinions of her mental health providers, the ALJ's assessment and hypothetical to the ALJ failed to adequately account for plaintiff's limitations with respect to stress, interactions with others, persistence, and pace. Stubbs-Danielson v. Astrue, 539 F.3d 1169, 1174 (9th Cir. 2008) ("[A]n ALJ's assessment of a claimant adequately captures restrictions related to concentration, persistence, or pace where the assessment is consistent with

restrictions identified in the medical testimony."). The ALJ's RFC assessment limiting plaintiff to short and simple instructions and limited interaction with coworkers does not adequately address plaintiff's limitations in persistence or pace or the effect of plaintiff's continued psychological symptoms and anxiety when around others. The vocational expert testified that a claimant with plaintiff's RFC as set forth by the ALJ and with additional deficiencies in attendance, performance, and concentration resulting from stress and anxiety, and deficiencies in persistence or pace, could not sustain full-time work. Tr. 38-40.

Thus, I find that the opinions of plaintiff's mental health providers, along with plaintiff's testimony and that of the vocational expert, support an award of benefits.

## CONCLUSION

The ALJ's finding that plaintiff is not disabled within the meaning of the Act is not supported by substantial evidence in the record. Accordingly, the decision of the Commissioner is REVERSED and REMANDED for an award of benefits as of plaintiff's alleged onset date of April 1, 2005.

IT IS SO ORDERED.

Dated this 22 day of April, 2011.

_____
Ann Aiken
United States District Judge

13   - OPINION AND ORDER